1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRANDON BLUHM,<br><br>                   Plaintiff,<br><br>   v.<br><br>WYNDHAM WORLD WIDE<br>CORPORATION, et al.,<br><br>           Defendants. | CASE NO. C18-5813 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE AND WITH LEAVE TO AMEND, DENYING DEFENDANTS' MOTIONS IN THE ALTERNATIVE TO TRANSFER VENUE OR FOR SUMMARY JUDGMENT AS MOOT, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS MOOT |

This matter comes before the Court on Defendants Wyndham Worldwide Corporation ("WWC"), "Wyndham or one of its affiliates, including but not limited to; undivided interest, beneficial interests, credits and/or the timeshare interests (the "Timeshare Interests") also known as Club Wyndham Access Points" (collectively, "Defendants") motion to transfer venue or in the alternative to dismiss, and or for summary judgment. Dkt. 11. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Brandon Bluhm ("Bluhm") is an individual who owns timeshares and earns income from renting his timeshare interests to others. Dkt. 1, ¶¶ 4, 18. Bluhm

1    appears to have owned approximately 68 timeshare contracts affiliated with Defendants.

2    *See* Dkt. 1, ⁋ 6. Bluhm used a website affiliated with Defendants to manage reservations

3    and rent out his timeshare interests. *Id*. ⁋ 4.[1] In May 2017, Bluhm lost access to this

4    website. *Id.* Bluhm alleges that in July 2017, Defendants' representative told him that if

5    he sold back 64 of his timeshare contracts, his access to the online reservation system

6    would be restored. Id. ⁋ 6–7. Subsequently, Bluhm sold 64 of his timeshare contracts

7    back to Defendants. *Id*. ⁋ 7.[2] However, his access was not restored after the sale was

8    complete. *Id*. ⁋ 4.

9           Bluhm filed his complaint in this Court on October 8, 2018, alleging claims

10   including violation of the Commerce Clause, Article 1 § 8 cl. 3, violation of the "Fair-

11   Trade Act of 1986," misrepresentation, breach of contract, unjust enrichment, and

12   violation of Florida state law. Dkt. 1. On January 24, 2019, Defendants moved for

13   transfer of venue, or in the alternative for dismissal pursuant to Fed. R. Civ. P. 12(b)(6),

14   12(b)(7), or summary judgment pursuant to Fed. R. Civ. P. 56. Dkt. 11. On February 28,

15   2019, Bluhm filed a document titled "Response to Motion to Transfer Venue and In the

16   Alternative Motion to Dismiss for Summary Judgment," which does not respond to

17   Defendants' motion, but in fact contains his own motion for summary judgment. Dkt. 15.

18

19   _____

20        [1] Defendants argue that Fairshare Vacation Owner's Association ("FVOA") is "the entity
     ultimately responsible for certain duties and obligations [related to renting timeshare interests] . .
     . including the reservation system." Dkt. 11 at 10–11

21        [2] Defendants argue, and an exhibit attached to Bluhm's complaint appears to support, that
     the parties to the sale were Bluhm and Defendants' affiliate Wyndham Vacation Ownership
22   ("WVO"), which is not a named party. *See* Dkt. 1-2; Dkt. 11 at 3.

1   On February 22, 2019, Defendants replied to their motion. Dkt. 16. On March 11, 2019,

2   Defendants responded to Bluhm's motion for summary judgment. Dkt. 17.

3   ## II.   DISCUSSION

4        A court's exercise of jurisdiction must comport with the limitations imposed by

5   due process. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413

6   (1984). Due process is satisfied when subjecting the entity to the court's power does not

7   "offend 'traditional notions of fair play and substantial justice.'" *Id.* at 414 (quoting *Int'l*

8   *Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "[T]raditional notions of fair play

9   and substantial justice" require that a defendant have minimum contacts with the forum

10  state before it may be haled into a court in that forum. *Int'l Shoe*, 326 U.S. at 316 (1945).

11  The extent of those contacts can result in either general or specific personal jurisdiction

12  over the defendant. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919

13  (2011). "Like a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a motion for judgment

14  on the pleadings," or here, a motion to dismiss for failure to join indispensable parties,

15  "tests the legal sufficiency of the complaint . . . ." *Hodjera v. BASF Catalysts LLC*, No.

16  C17-48RSL, 2017 WL 3263717, at *1 (W.D. Wash July 31, 2017) (citing *Cafasso, U.S.*

17  *ex rel v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 & n.4 (9th Cir. 2011)).

18       Defendants' argument in support of its motion to transfer venue is based on a

19  number of factors, including that Bluhm failed to plead sufficient facts to show personal

20  jurisdiction over Defendants. Dkt. 11 at 10–11. The Court finds it prudent to address its

21  power over the parties before deciding the merits of a motion to transfer venue or for

22  summary judgment.

1        General jurisdiction permits a court to consider claims against a person or

2   corporation for any conduct, even that which occurred outside the forum state. *Goodyear*,

3   564 U.S. at 924; *Daimler AG v. Bauman*, 571 U.S. 117, 126–27. A corporation is subject

4   to general jurisdiction where it is incorporated and where it its principal place of business

5   is located. *Daimler AG*, 571 U.S. 140. Regarding Defendants' contacts with Washington,

6   Bluhm's complaint alleges only that WWC "is a multinational developer of vacation

7   resorts and seller of new timeshares to consumers," is a corporation incorporated in

8   Delaware with its principle place of business in Orlando, Florida, and "[does] business in

9   the State of Washington." Dkt. 1 ¶ 2. As Bluhm does not allege WWC is incorporated in

10  Washington or has its principal place of business here, he fails to allege facts sufficient

11  for general jurisdiction.

12       Specific jurisdiction permits a district court to exercise jurisdiction over a

13  nonresident defendant for conduct that "create[s] a substantial connection with the forum

14  State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). A defendant creates a substantial

15  connection when it purposefully directs its activities at the forum state, the lawsuit arises

16  out of or relates to the defendant's forum-related activities, and the exercise of

17  jurisdiction is reasonable. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).[3]

18

19

20      [3] To determine whether it has jurisdiction over a defendant, a federal court applies the
law of the state in which it sits, as long as that law is consistent with federal due process.

21  *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014). Washington grants courts the maximum
jurisdictional reach permitted by due process. *Easter v. Am. W. Fin.*, 381 F.3d 948, 960 (9th Cir.

22  2004).

1    Defendants argue that Bluhm appears to assert general jurisdiction but does not

2    plead sufficient supporting facts. Dkt. 11 at 10. Defendants do not address specific

3    jurisdiction. As noted, Bluhm states in his complaint that WWC does business in

4    Washington. The only other mention of Defendants' contacts with Washington in Blum's

5    filings is one sentence in his response brief, stating that "the contracts were entered into

6    in the state of Washington." Dkt. 15 at 8.[4]

7    Defendants also provide very limited information about the interactions between

8    the parties. Dkt. 11 at 10. Facts contained in Defendants' argument that venue should be

9    transferred to the Middle District of Florida but which may bear on specific jurisdiction

10   include that emails attached to the complaint show Bluhm "received email

11   communications from individuals located at Defendants' place of business in Florida," "a

12   substantial part of the events giving rise to the claim occurred in Florida," and that at

13   least part of the property at issue is located in Florida. Dkt. 11 at 6 (citing Dkt. 1-11).

14   Defendants also argue that the "agreements were negotiated and executed in large part[]

15   in Florida," and argue without elaboration that "the conduct surrounding the alleged

16   breach occurred in Florida." *Id*. at 7. However, even if there are many data points

17   Defendants can cite supporting transfer of venue to Florida, that does not mean no facts

18   could be alleged showing Defendants or other potential parties have sufficient minimum

19   contacts with Washington to satisfy the requirements of specific jurisdiction as to the

20   transactions at issue.

21   ─────────────

22   [4] As noted, this brief is titled as a response to Defendants' motion but actually contains a
motion by Bluhm for summary judgment. Dkt. 15.

ORDER - 5

1    The Court finds that Bluhm has not pled sufficient facts to establish personal

2 jurisdiction over the named Defendants. That contracts were "entered into" in

3 Washington does not tell the court how or where negotiations were initiated, conducted,

4 or completed, or where performance was contemplated such that the court can analyze

5 whether sufficient contacts occurred such that its exercise of jurisdiction would be

6 consistent with due process. That WWC "[does] business in Washington" does not tell

7 the Court whether the lawsuit arose out of or relates to the business that WWC does in

8 Washington, as specific jurisdiction requires. *Picot*, 780 F.3d at 1211.

9    Relatedly, Defendants argue that the Court should dismiss this case because

10 Bluhm has failed to join indispensable parties—WVO as the actual purchaser of Bluhm's

11 timeshare interests and FVOA as "the entity ultimately responsible for certain duties and

12 obligations . . . including the reservation system." Dkt. 11 at 10–11. Dismissing a case for

13 failure to join an indispensable party is a drastic remedy that may only be ordered after a

14 court finds that a party is indispensable, the party may not be joined, and that "in equity

15 and good conscience" the case may not proceed in the absence of the party. *EEOC v.*

16 *Peabody W. Coal Co.*, 400 F.3d 774, 779–80 (9th Cir. 2005).  Even if WVO and FVOA

17 are indispensable parties and it would be inequitable to proceed in their absence, there

18 has been no showing that they may not be joined. Defendants argue that dismissal is

19 appropriate when a Court lacks jurisdiction over the party that has not been joined but

20 does not provide facts from which the Court may assess jurisdiction or lack thereof over

21 WVO and FVOA. Defendants indicate that FVOA is an Arkansas nonprofit corporation,

22 but do not provide any information about the citizenship of WVO. Dkt. 11 at 4.

1   Moreover, while a defendant's citizenship is relevant to general personal jurisdiction,

2   additional facts not before the Court are relevant to whether the Court may exercise

3   specific personal jurisdiction over WVO and FVOA.

4         Defendants are correct that under the local rules of procedure the Court may

5   consider a failure to respond as an admission that the motion has merit. Local Rules W.D.

6   Wash. LCR 7(b)(2). However, Court finds that here, it is possible Bluhm's claims may be

7   cured by amendment. Therefore, the Court will dismiss Bluhm's complaint without

8   prejudice and with leave to amend.

9         Consequently, Defendants' motions for transfer and in the alternative for summary

10  judgment, Dkt. 11, and Bluhm's motion for summary judgment, Dkt. 15, are moot, and

11  the Court will deny them without prejudice.

### III.  ORDER

13        Therefore, it is hereby **ORDERED** that Plaintiff's claims are **DISMISSED**

14  **without prejudice** and with leave to amend. Plaintiff may file an amended complaint as

15  stated herein no later than April 19, 2019. Defendants' motions in the alternative for

16  transfer or summary judgment are **DENIED as moot and without prejudice**. Dkt. 11.

17  Bluhm's motion for summary judgment, Dkt. 15, is also **DENIED as moot and without**

18  **prejudice**.

19        Dated this 9th day of April, 2019.

BENJAMIN H. SETTLE
United States District Judge