# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

BRANDON BLUHM,

        Plaintiff,

v.                                    Case No: 6:19-cv-2300-WWB-LRH

WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., EXTRA HOLIDAYS, LLC and FAIRSHARE VACATION OWNERS ASSOCIATION,

        Defendants/Third Party Plaintiff,

VIRGIL LEE BLUHM,

        Third Party Defendant.
_____/

## ORDER

      THIS CAUSE is before the Court on Third-Party Defendant Virgil Lee Bluhm's ("**Virgil Bluhm**") Motion to Dismiss Third Party-Plaintiffs' Third-Party Claims ("**Motion to Dismiss**," Doc. 105), and Third-Party Plaintiffs Wyndham Vacation Ownership, Inc. and Wyndham Vacation Resorts, Inc.'s (collectively, "**Wyndham**") Response (Doc. 111). For the reasons stated below, the Motion will be granted.

**I.    BACKGROUND**

      As alleged in the Third Amended Complaint (Doc. 77), Plaintiff, Brandon Bluhm, owns timeshare interests in properties developed and managed by Wyndham. (*Id.* ¶ 18). Between the mid-1990s and 2017, Brandon Bluhm purchased numerous timeshare interests from Wyndham and third-party sellers. (*Id.* ¶¶ 54, 64–67). By 2017, Brandon

Bluhm owned sixty-eight timeshare interests and approximately 19,195,000 points. (*Id.* ¶ 71). In 2017, Brandon Bluhm agreed to convey sixty-four of his timeshare interests to Wyndham to resolve certain disputes between the parties in return for the waiver of $199,000 in purchase money financing debt owed on the interests and began executing deeds. (*Id.* ¶¶ 103, 105). In addition, Brandon Bluhm signed a Confidential Agreement and Release ("**Confidential Agreement**," Doc. 77-8), on August 17, 2017, in which he agreed to cease use of his retained interests for commercial purposes, not to acquire further timeshare interests, and to waive any and all claims against Wyndham. (*Id.* at 1–4, 11). Thereafter, Brandon Bluhm filed this lawsuit alleging various claims for violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*, breach of fiduciary duty, violations of the Arkansas Trust Code, negligence, fraudulent concealment, fraud, fraud in the inducement, and declaratory relief with respect to Wyndham's purported conduct in procuring his agreement to the Confidential Agreement as well as their performance under the Confidential Agreement and handling of his timeshare ownership. (*See generally* Doc. 77).

In their Counterclaims and Third-Party Claims, Wyndham alleges that Virgil Bluhm also owns several of the timeshare interests that were conveyed to Wyndham in connection with the 2017 transaction and also signed the Confidential Agreement. (Doc. 97 at 111–12). Wyndham alleges that Virgil Bluhm thereafter breached the Confidential Agreement by acquiring additional timeshare interests and using his new and existing interests for commercial purposes. (*Id.* at 119–20). Wyndham further alleges that Virgil Bluhm fraudulently induced Wyndham to enter the Confidential Agreement by

representing that he would cease using his interests for commercial gain without any intention of doing so. (*Id.* at 120–21).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 14 provides that a defending party may "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). The Rule "allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim." *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987); *see also United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir.1967) ("[F]or impleader to be available the third-party defendant must be liable secondarily to the original defendant in the event that the latter is held liable to the plaintiff." (quotation omitted)). Impleader is not proper if the defendant asserts "a separate and independent claim even [if] the claim arises out of the same general set of facts as the main claim." *Olavarrieta*, 812 F.2d at 643. The decision to permit joinder of a third-party defendant pursuant to Rule 14(a) is left to the sound discretion of the court. *Ins. Co. of N. Am. v. Morrison*, 148 F.R.D. 295, 296 (M.D. Fla. 1993).

## III. DISCUSSION

As currently pleaded, Wyndham's Third-Party Complaint does not assert that Virgil Bluhm is derivatively or secondarily liable to Wyndham for the claims brought by Brandon Bluhm. In the Third Amended Complaint, Brandon Bluhm sues Wyndham for allegedly: (1) encouraging him to acquire timeshare interests while simultaneously thwarting his rental activities, and (2) fraudulently inducing him into conveying sixty-four timeshare

interests to Wyndham. (*See generally* Doc. 77). However, in the third-party action, Wyndham asserts separate and independent claims against Virgil Bluhm for breach of contract and fraudulent inducement based on allegations that he: (1) continued to use his retained timeshares "for commercial purposes" in violation of the Agreement; and (2) procured the Agreement by falsely misrepresenting to Wyndham that he would cease use of his timeshare interests for a commercial purpose so that he could procure the Agreement. (Doc. 97 at 119–21). These two matters are wholly distinct. Although the parties and issues may overlap, the Third-Party Complaint offers no facts to suggest that Virgil Bluhm's potential liability to Wyndham is dependent or contingent on Wyndham's liability to Plaintiff. Indeed, the Third-Party Complaint does not even generally allege that Virgil Bluhm is liable to Wyndham for all or part of Brandon Bluhm's claims against Wyndham.

In their Response to the Motion to Dismiss, Wyndham posits the third-party action is derivative of the main action because discovery could potentially reveal that the limitations on Brandon Bluhm's use of Wyndham's timeshare reservation system "arose from Virgil Bluhm's continued use of his timeshare interests for a purpose forbidden by the . . . Agreement, rather than Brandon Bluhm's." (Doc. 111 at 6–7). In other words, Wyndham claims "it is feasible that [it] inadvertently attributed Virgil Bluhm's breaching conduct to Brandon [Bluhm]," so "Wyndham could theoretically be liable to [Brandon Bluhm]," but such liability "would not have arisen but-for Virgil Bluhm's improper utilization of his timeshare interests in violation of the . . . Agreement." (*Id*. at 7). Wyndham's argument lacks merit. First, the Third-Party Complaint does not plead facts to suggest that Brandon Bluhm's access to Wyndham's reservation system was restricted due to

4

Virgil Bluhm's continued use of the timeshares or purported breach of the Confidential Agreement. It is well-settled that parties cannot amend their pleadings "via a response to a motion to dismiss." *Llauro v. Tony*, 470 F. Supp. 3d 1300, 1313 n.6 (S.D. Fla. 2020) (quotation omitted). Second, even assuming such allegations had been raised in the Third-Party Complaint, Wyndham still fails to apprise the Court as to how that would render Virgil Bluhm derivatively liable in any way for Wyndham's purported conduct. Accordingly, the Third-Party Complaint is not proper under Rule 14 and it will be dismissed.

## IV. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Virgil Bluhm's Motion to Dismiss (Doc. 105) is **GRANTED** and the Third-Party Complaint (Doc. 97) is **DISMISSED without prejudice** as to Virgil Bluhm.
2. Virgil Bluhm's Motion for Final Summary Judgement (Doc. 136) is **DENIED as moot**.
3. The Clerk is directed to terminate Virgil Bluhm as a party in this matter and amend the case style accordingly.

**DONE AND ORDERED** in Orlando, Florida on November 5, 2021.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

5

Copies furnished to:

Counsel of Record